**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NO. 22-6-DLB**

**ANTHONY GENO MARTINSON**                                                **PETITIONER**

**v.**                **MEMORANDUM OPINION AND ORDER**

**JUDGE SCHRAND**                                                         **RESPONDENT**

*** *** *** ***

Petitioner Anthony Geno Martinson is a pretrial detainee currently being held at the Liberty County Jail in Hinesville, Georgia. Proceeding without an attorney, Martinson has filed a pleading captioned "Order to Show Cause for a Preliminary Injunction." (Doc. # 1). Although the exact nature of this pleading is not entirely clear, Martinson seeks dismissal of state criminal charges currently pending against him because of alleged violations of the Federal Rules of Criminal Procedure by the Commonwealth of Kentucky. Thus, for administrative purposes, the Clerk of the Court docketed this matter as a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.[1] Martinson neither paid the $5.00 filing fee, nor has he filed a motion to proceed *in forma pauperis*.

As an initial matter, the deficient format of Martinson's pleading, as well as his failure to pay the filing fee, are sufficient reasons to warrant denying his construed § 2241 petition. Even so, the Court has reviewed the pleading filed by Martinson and concludes

---

[1] Because Martinson is not challenging a conviction, but instead challenges the propriety of criminal charges still pending against him, § 2241 provides the most appropriate vehicle for his claims. *See Smith v. Coleman*, 521 F. App'x 444, 447 (6th Cir. 2013) (recognizing that a habeas petition filed prior to trial attacking pretrial detention, rather than a state court judgment or conviction, is properly governed by 28 U.S.C. § 2241).

1

that his construed § 2241 petition must be denied because it is apparent that he is not entitled to relief.[2]

Martinson is currently in custody pending resolution of state criminal charges filed against him by the Commonwealth of Kentucky in *Commonwealth v. Martinson*, No. 19-CR-485 (Boone County Circuit Court).[3] In June 2021, Martinson's counsel moved to dismiss the charges against him for lack of personal jurisdiction and improper venue. This motion was denied in October 2021. A pretrial conference was scheduled for January 26, 2022, but it is not clear whether the matter has been set for trial.

The pleading filed by Martinson in this Court is styled as a proposed "Order to Show Cause for a Preliminary Injunction Re: 19-CR-485." (Doc. # 1). Although it refers to a complaint, supporting affidavits and a memorandum of law, no such supporting pleadings were filed. The proposed order directs the Hon. James R. Schrand, the Boone Circuit Court Judge presiding over Martin's pending criminal case, to appear in person to show cause why a preliminary injunction should not issue

---

[2] The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Martinson's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

[3] The Kentucky Court of Justice online court records are available at https://kcoj.kycourts.net/kyecourts. The Court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969).

pursuant to various Federal Rules of Criminal Procedure (including Rules 5, 5.1, 6, 10, 16, 18, 43, 44, 45, and 49). In the conclusion of the proposed order, Martinson requests that this Court order the dismissal of the state criminal charges pending against him because of alleged violations of the aforementioned Federal Rules. (Doc. # 1).

While a pretrial detainee in state custody may file a petition for a writ of habeas corpus pursuant to § 2241 to challenge his prosecution prior to judgment, *Phillips v. Court of Common Pleas, Hamilton Co., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012), the circumstances in which he or she may do so are "rare," as "such claims are extraordinary." *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014). Indeed, "although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981). As further explained in *Atkins*:

> Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances. Thus the doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes. This argument is especially forceful in a situation involving a speedy trial claim, because the drastic nature of the relief usually granted, dismissal of the case,...could not be more disruptive of pending state actions.

*Id*. (citations omitted).  *See also Gully v. Kunzman*, 592 F.2d 283, 286 (6th Cir. 1979) (acknowledging federal courts' authority to consider a habeas corpus petition before a judgment of conviction is entered, but noting that "considerations of federalism counsel strongly against exercising the power except in the most extraordinary circumstances").

Thus, "[p]rinciples of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) 'special circumstances' warrant federal intervention." *Brown v. Bolton*, No. 3:09–cv–P513–S, 2010 WL 1408014 (W.D. Ky. April 1, 2010).  Moreover, "[h]abeas petitioners must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort." *Phillips*, 668 F.3d at 810.  *See also Fisher v. Rose*, 757 F.2d 789, 792 (6th Cir. 1985) (noting that "exhaustion of state remedies is required in the absence of unusual circumstances . . . and has often been required when a petitioner asserts in a petition for a writ of habeas corpus prior to trial that his right to a speedy trial had been violated.") (citations omitted).

Although the docket in Martinson's state criminal case indicates that his counsel filed a motion to dismiss the charges against him for lack of jurisdiction and improper venue, this motion was denied by the Boone Circuit Court.  Martinson makes no indication that he has pursued his claims further with the Kentucky Court of Appeals and/or the Supreme Court of Kentucky.  Moreover, a review of the online records for both courts indicates that no appeals have been filed by Martinson.  *See* Kentucky

4

Court of Justice C-Track Public Access, available at https://appellatepublic.kycourts.net/ (last visited Jan. 31, 2022). There is also no indication in either Martinson's pleading or in the record in his criminal case that Martinson has otherwise raised any of the claims he seeks to pursue here in the Boone Circuit Court. Thus, Martinson has not exhausted his available state court remedies with respect to his claims.

Nor do the allegations of Martinson's petition suggest the existence of other "special circumstances" that would warrant this Court's intervention into Martinson's ongoing Kentucky criminal proceedings. To the contrary, Martinson is being represented by counsel in his Kentucky criminal case who appears to be actively filing motions seeking to protect Martinson's constitutional rights.

Finally, while Martinson seeks relief in this Court based upon alleged violations of the Federal Rules of Criminal Procedure in his ongoing state criminal prosecution, the Federal Rules of Criminal Procedure do not apply to state criminal courts. *See* Fed. R. Crim. P. 1(a)(1).[4] And even if the Court looked past Martinson's citation to specific Federal Rules and considered only the nature of the procedural rights that he invokes (i.e., a right to a copy of his indictment, access to the state's evidence prior to trial, lack of jurisdiction, etc.), his claims are not of the kind that warrant preemptive federal involvement. Rather, they are ordinary claims that can and must be asserted in the Kentucky courts in the first instance.

---

[4] While Fed. R. Crim. P. 1(a)(2) provides that "[w]hen a rule so states, it applies to a proceeding before a state or local judicial officer," none of the Martinson's claims fall within this provision.

For all of these reasons, considerations of federalism and comity strongly counsel against this Court's intrusion into Martinson's Kentucky criminal proceedings. Thus, this Court will abstain from exercising habeas jurisdiction over Martinson's claims and deny his § 2241 petition without prejudice to afford him the opportunity to exhaust his remedies available through the Kentucky court system prior to seeking federal habeas relief.

Accordingly, **IT IS ORDERED** as follows:

(1)  Martinson's construed petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED WITHOUT PREJUDICE**;

(2)  This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

(3)  The Court will enter an appropriate Judgment.

This 31st day of January, 2022.

Signed By:
*David L. Bunning*   DB
United States District Judge

K:\DATA\ORDERS\PSO Orders\2-22-06 Memorandum.docx